USA v. Zayas-Diaz                    CR-94-30-B           06/02/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


United States of America

    v.                                                    CR-94-30-01-B

Juan Zayas-Diaz


**O R D E R**

Juan Zayas-Diaz was convicted on April 19, 1995 of conspiracy to possess with intent to distribute cocaine and conspiracy to distribute cocaine. He now moves for a new trial under Fed. R. Crim. P. 33 based on allegedly exculpatory information that the government disclosed to him on December 15, 1995. Zayas-Diaz contends that had this evidence been available at the time of a pre-trial suppression motion, the motion would have been granted and he would not have been convicted at trial.


**I.  BACKGROUND**

At the conclusion of the suppression hearing, held on February 6, 1995, I denied Zayas-Diaz's motion to suppress cocaine found after a traffic stop made by Connecticut State Trooper James Taylor. At that hearing, I heard evidence from Trooper Taylor and an eyewitness to the traffic stop, David Reyes. I resolved the factual disputes between these witnesses

by adopting the testimony of Trooper Taylor.  I also noted on the record, however, that Reyes's testimony, if adopted in whole, would still support a finding that the bag in which cocaine was discovered had been abandoned and that no Fourth Amendment violation had occurred.

On December 15, 1995, the government informed Zayas-Diaz's counsel for the first time that at the time of the suppression hearing, Trooper Taylor was facing a charge in Connecticut for misconduct with a motor vehicle, a Class D felony, which carries a potential term of imprisonment of one to five years.[1]  This charge stemmed from an incident in which Trooper Taylor, while off-duty, struck and killed the driver of another car with his state police cruiser.  An ensuing Connecticut State Police internal affairs investigation cited Trooper Taylor for (1) conduct unbecoming an officer, in that Taylor failed to inform the investigating officer that he had been drinking; (2) improper use of department equipment, in that Taylor was operating his cruiser at an excessive speed; and (3) violating the laws of Connecticut, in that Taylor was speeding at more than 20 miles per hour over the posted speed limit at the time of the accident. The investigation report also noted that, according to the officer investigating the accident, Taylor lied about whether he had been drinking.

---

[1]  Zayas-Diaz does not suggest, and there is no evidence to indicate, that the government knew this information prior to December 1995.

## II.  DISCUSSION

The standard of review in a motion for new a new trial based on newly discovered evidence depends on whether the defendant's failure to discover the evidence did or did not result from prosecutorial nondisclosure.  Where, as here, evidence was in existence at the time of the hearing or trial and the discovery was due to nondisclosure, review is governed by the standard set out in Kyles v. Whitley, 115 S. Ct. 1555 (1995) and United States v. Bagley, 473 U.S. 667 (1987).  That is, a new proceeding is warranted if the nondisclosure was "material."  Kyles, 115 S. Ct. at 1565; Bagley, 473 U.S. at 682.  This occurs only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Id.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding.  Kyles, 115 S. Ct. at 1566; Bagley, 473 U.S. at 678. In assessing the impact of new evidence on Zayas-Diaz's pretrial motion to suppress, where I served as the trier of fact, I simply need decide whether the new evidence would have altered my decision not to suppress the cocaine found by Trooper Taylor. See United States v. Tibolt, 72 F.3d 965, 972 (1st Cir. 1995), cert. denied, 116 S. Ct. 2554 (1996).

Zayas-Diaz argues that had he known of the charges against Trooper Taylor, he could have effectively undermined Taylor's testimony at the suppression hearing.  Even if I assume, however, that this evidence would have been admissible to show bias or

demonstrate past instances of untruthfulness, my ruling at the suppression hearing would not have been different.  Zayas-Diaz's own witness, David Reyes, testified at the suppression hearing that Zayas-Diaz discarded the duffel bag carrying cocaine prior to any show of force by Trooper Taylor.  Therefore, if I had adopted Reyes's testimony, I still would have found no Fourth Amendment violation.  See United States v. Pirolli, 673 F.2d 1200, 1204 (11th Cir. 1982) (no Fourth Amendment violation when items are searched after they have been abandoned voluntarily).  I noted my reasoning at the hearing:

> If [Zayas-Diaz's counsel] asks me to believe [Reyes's] testimony, he abandoned the bag before there was any seizure.  If I believe [Trooper Taylor's] testimony, the abandonment did not occur until the seizure had been effected.  But if I credit [Reyes's] testimony I admit the contents of the bag because they were abandoned, don't I? . . . . So in order to accept [Zayas-Diaz's] theory . . . I would have to find . . . that Reyes is right about everything up until the point where he says that [Zayas-Diaz] threw the bag over, and that instead what happened was that I believe him up to that point but then . . . I accept the trooper's testimony that it was thrown over during the struggle.  And what you want me to conclude essentially is that if I put the facts together in that way there was no abandonment until there was a seizure, and there was no reasonable suspicion to justify the seizure.

I find no compelling reason to accept only part of Reyes's testimony and only part of Trooper Taylor's evidence and thus construct a scenario that would result in a Fourth Amendment violation.  For that reason, I would not have suppressed the cocaine even if Zayas-Dias could convince me that Trooper Taylor

lied at the suppression hearing.[2]

Zayas-Diaz does not argue that had he been able to cross-examine Trooper Taylor at trial, there is a reasonable probability that he would have been acquitted. Nonetheless, I note that Trooper Taylor's credibility was not at issue in trial. He testified about how he discovered cocaine in Zayas-Diaz's bag and this testimony was in no way disputed. Therefore, the new evidence about Taylor's bias or credibility would have made no difference at trial.

For the foregoing reasons, Zayas-Diaz's motion for a new trial (document no. 588) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Court

June 2, 1997

cc:  Terry L. Ollila, Esq.
     Paul Garrity, Esq.

_____

[2] I note in any event that the new evidence does not cause me to question my decision to credit Trooper Taylor's testimony. In other words, even though I now know that Trooper Taylor lied to the officer who investigated his automobile accident, I still find his version of the events leading up to the seizure of the cocaine to be the most credible. See United States v. Sepulveda, 15 F.3d, 1216, 1220 n.5 (1st Cir. 1993)(noting that newly discovered evidence pertaining exclusively to a government witness's credibility rarely warrants new trial); United States v. Vazquez, 857 F.2d 857, 865 (1st Cir. 1988) (rejecting motion for new trial based on newly discovered evidence that government witness had been convicted of perjury in matters unrelated to charges against defendant).

-5-